D. F.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------------------x
NEIL SHULDINER,

               Plaintiff,

**MEMORANDUM AND ORDER**

   -against-

06-CV-5038 (NGG)

JOHN DOE, Owner; ELRAC, INC.; SNORAC, INC.,
ENTERPRISE RENT-A-CAR COMPANY, INC.;
HARTFORD INSURANCE COMPANY OF THE
MIDWEST; and JOHN DOE, Insurer,

               Defendants.
-------------------------------------------------------------------x
GARAUFIS, United States District Judge:

      Plaintiff Neil Shuldiner, a resident of New York, brings this *pro se* action pursuant to the

Court's diversity jurisdiction, 28 U.S.C. § 1332, implying that Defendants are responsible for a

car accident that took place on or about September 18, 2006. The Complaint alleges that

Defendant Enterprise Rent-A-Car Company, Inc. is a Missouri corporation, Defendants Hartford

Insurance Company of the Midwest and John Doe, Insurer, are Connecticut corporations, and

Defendants ELRAC, Inc. and SNORAC, Inc. are Delaware corporations. According to Plaintiff,

Defendant SNORAC, Inc. has its principal place of business in Rochester, New York. Plaintiff

does not identify John Doe, Owner, nor indicate the State where he resides. Plaintiff does not

specify any alleged harm or damages. Plaintiff has paid the requisite filing fee to bring this

action. For the reason discussed below, the complaint is dismissed.

## DISCUSSION

      Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than

formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a

plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject

matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000. Neither basis of jurisdiction is available here.

Complete diversity of citizenship does not exist between plaintiff and all defendants as required to invoke 28 U.S.C. § 1332 jurisdiction. See Handelsman v. Bedford Vill. Assocs., 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.") (internal quotation marks and citations omitted). Plaintiff acknowledges that Defendant SNORAC, Inc. has its principal office in Rochester, New York. The New York State Department of State, Division of Corporations, lists SNORAC, Inc as incorporated and doing business under the laws of the State of Delaware, with its principal executive office in Rochester, New York. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, SNORAC, Inc. is considered a citizen of both Delaware and New York, so complete diversity jurisdiction is defeated.

Plaintiff asserts no claims arising "under the Constitution, laws, or treaties of the United States" as required to invoke federal question jurisdiction. 28 U.S.C. § 1331; see also State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995) ("Federal question jurisdiction may be

2

properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."). Accordingly, this Court lacks subject matter jurisdiction over this matter.

## CONCLUSION

The Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
September 25 , 2006

3